**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| LORI CHAPUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | Docket No.: |
| GENPACT SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

LORI CHAPUT (Plaintiff), by her attorneys, LAW OFFICE OF DOUGLAS J. JENNINGS, alleges the following against GENPACT SERVICES, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the state of Maine, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in West Gardiner, Kennebec County, Maine.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to

Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Defendant is a company with its headquarters in New York, New York.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant places collection calls to Plaintiff seeking and demanding payment for a debt owed to Paypal Mastercard, original account number ending in 7817.

11. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone numbers at XXX-XXX-4004 and XXX-XXX-5515 in an attempt to collect a debt.

13. In April 2012, Defendant called Plaintiff and left a voicemail message in Plaintiff's answering machine. *See* Exhibit A.

14. In the voicemail message, Defendant failed to state that the call was from a debt collector. *See* Exhibit A.

15. In the voicemail message, Defendant directed Plaintiff to call back at 866-544-0753, which is a number that belongs to Defendant. *See* Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    b. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    c. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiff, LORI CHAPUT, requests that judgment be entered against Defendant, GENPACT SERVICES, LLC, for the following:

17. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

19. Any other relief that this Honorable Court deems appropriate.

                                      RESPECTFULLY SUBMITTED,

                                      LAW OFFICE OF DOUGLAS F. JENNINGS

DATED: July 19, 2012        By: /s/Douglas F. Jennings.
                                        Douglas F. Jennings, Esq.
                                        One Weston Court, Suite 103B
                                        Augusta, ME 04330
                                        dfjlaw@live.com
                                        Attorney for Plaintiff